IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| AZURE NETWORKS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 6:15-CV-00031 |
| INTEL CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT INTEL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
ALLEGATIONS OF INDUCED AND WILLFUL INFRINGEMENT**

*Iqbal* and *Twombly* require a plaintiff to do only two things:  plead *facts*, and have those facts support a *plausible* inference of liability (i.e., show that a culpable explanation for defendant's behavior is more likely than an innocent one).  Although these straightforward requirements are by now familiar to every plaintiff, Azure has not complied.  Remarkably, Azure actually cites the wrong legal standard, claiming that it need only provide "notice" of its claims.  Azure Br. 2-3 (Dkt. 20).  But that is not the standard, and Azure's complaint does not meet the actual standard.  Azure's complaint states not facts, but generalities and legal conclusions, which amount to nothing more than a claim that Intel knew about Azure's patents and continued to engage in ordinary business activities. That conduct is equally consistent with innocent behavior, and thus does not satisfy *Twombly* and *Iqbal*.  Because Azure has failed to meet *either* of the two simple requirements governing its pleading, its claims of induced and willful infringement must be dismissed.

Moreover, Azure's conduct in its earlier litigation against Intel independently defeats any inference that Intel had the requisite intent for induced or willful infringement.  Azure sued Intel over U.S. Patent No. 7,756,129 ("the '129 Patent") in 2012, and it knew of Intel's Wi-Fi Direct technology at that time.  Indeed, Azure actually accused Intel's Wi-Fi Direct technology in conjunction with its Bluetooth High-Speed technology (but not standing alone).  Any reasonable company would conclude in those circumstances that its Wi-Fi Direct alone does not infringe.  This is particularly so because, *five days after filing its complaint against Intel*, Azure accused several other companies' Wi-Fi Direct products, standing alone, of infringing the '129 patent.  But Azure never amended its complaint against Intel to include such allegations, although it clearly could have.  The only plausible inference Intel could draw from these undisputed facts is that even Azure did not believe that Intel's Wi-Fi Direct technology, standing alone, infringed.

- 1 -

Ultimately, Azure falls back on a request for dismissal without prejudice, with leave to amend its complaint if it should later unearth factual support for its allegations. Azure Br. 15. That is the correct result. Azure has no current basis for its allegations; if Azure discovers such a basis in discovery, Azure can seek to amend its pleading then. In the meantime, its claims of willful and induced infringement should be dismissed.

I.  **AZURE'S STATE OF MIND ALLEGATIONS ARE CONCLUSORY AND DO NOT RAISE A PLAUSIBLE INFERENCE OF LIABILITY**

To allege the state of mind necessary for inducement and willfulness, Azure must plead that Intel specifically intended to induce infringement (for inducement) or acted with objective recklessness (for willfulness). The Court's analysis of the sufficiency of Azure's pleading has two parts. First, the Court eliminates from consideration any allegations that are conclusory, which are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)). Second, the Court considers whether the remaining "well-pleaded, nonconclusory factual allegation[s]" are sufficient to "give rise to a plausible inference" of illegal behavior. *Iqbal*, 556 U.S. at 680-82. A *plausible* inference of liability is not created by facts that are "merely consistent" with liability or that only make liability "conceivable." *Twombly*, 550 U.S. at 557, 570. If the defendant's conduct is "more likely explained by lawful . . . free-market behavior" than misconduct, the claims must be dismissed. *Iqbal,* 556 U.S. at 680. That is, if the plaintiff alleges only conduct that is *equally likely* to be culpable or innocent, the complaint must be dismissed. 550 U.S. at 554-57, 570.

Azure misstates the relevant standards when it asserts that it need only plead facts "sufficient to place the alleged infringer on notice." Azure Br. 2-3 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d, 1354, 1355-56 (Fed. Cir. 2007)). This is wrong, and Azure's reliance on *McZeal* is misplaced. *McZeal* was a direct infringement case, and the Federal Circuit has

- 2 -

explained that *McZeal* applies only to direct infringement cases.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335-37 (Fed. Cir. 2012).

Azure cites a handful of cases that it says support its argument that it can make out inducement and willfulness claims merely by alleging that Intel continued to engage in its ordinary business activities after learning of the asserted patents.  But these cases offer Azure no help.  *Affinity Labs of Texas, LLC v. Toyota Motor North Am., Inc.*, 2014 U.S. Dist. LEXIS 90379 (W.D. Tex. May 12, 2014), actually supports Intel.  That court held that allegations that the defendant induced infringement "by marketing and selling its automobiles" might "satisfy the pleading requirements for ***direct infringement***, [but] such unsubstantiated assertions ***do not adequately support the more demanding specific intent requirement for a finding of induced infringement***" under *Twombly* and *Iqbal.  Id.* at *18 (emphasis added).

To the extent that the other cases Azure cites hold that a defendant's state of mind may be inferred merely from marketing and selling products after learning of the asserted patents, the Court should not follow them, as they cannot be reconciled with precedent.  Those cases do not explain how normal business activities are "more likely" to show culpable conduct rather than innocent conduct, as required by the Supreme Court.  *Iqbal*, 556 U.S. at 680.  Tellingly, none of the cases that Azure cites addresses any of the caselaw reaching different results.

Like this case, *Iqbal* addressed when specific intent could plausibly be inferred from a defendant's conduct. There, the plaintiff pled that the officials "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and or/national origin and for no legitimate penological interest.'"  556 U.S. at 680.  The Supreme Court labeled these "bare assertions" that were "conclusory and not entitled to be assumed to be true."  *Id.* at 681 (citations omitted).

Similarly, Azure makes boilerplate allegations that Intel induced infringement by "encouraging, recruiting, and instructing others such as consumers, businesses, [and] distributors" to infringe, and that Intel willfully infringed because it knew of the patents and continued to "make, use, [and] make available for another's use" its products. Like the allegations rejected in *Iqbal*, Azure's allegations simply state elements of the claims. They are "bare assertions," not specific facts about what Intel allegedly did, and are not entitled to be taken as true.

Azure's allegations also compare unfavorably to the allegations rejected in *Twombly*, which were relatively detailed by comparison. The Supreme Court nonetheless dismissed the complaint, because the accused conduct was equally likely to support an inference of innocent conduct (that each defendant acted independently) as culpable conduct (conspiracy). Similarly, Azure does no more than allege that Intel engaged in its regular business of marketing and selling products (Compl. ¶¶ 50, 52)—conduct that is at the very least equally consistent with an innocent state of mind as a guilty one. These allegations of ordinary business activities do not "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## II. AZURE'S OWN ACTIONS DEFEAT ANY INFERENCE OF SPECIFIC INTENT OR RECKLESSNESS

As Intel explained (Br. 1-2, 9), the fact that Azure's first lawsuit against Intel did not accuse Intel's Wi-Fi Direct technology by itself defeats any inference that Intel knew or was willfully blind or reckless as to the possibility that its Wi-Fi Direct technology standing alone infringed Azure's patents. Azure does not dispute that these facts are cognizable here. *See* Intel Br. 2 n.1. Azure's only response is to say that Azure sought leave to amend its infringement contentions in a ***different case that did not involve Intel,*** and in which Azure had accused ***other companies'*** products, to accuse those companies' Wi-Fi Direct technology standing alone. Without further explanation, Azure argues that Intel knew of these events and must have

concluded from them that its own, non-accused Wi-Fi Direct products, standing alone, must infringe. Azure Br. 11 n.12, 13-14.

If accepted, Azure's argument would mean that the mere accusation of infringement against one company suffices to establish that it is "plausible" that *every other company, with non-accused products,* knows that it must infringe the same patents. The logical conclusion is actually the opposite one: where Azure *failed* to make those same allegations against Intel, in a case involving the very same patent, the assertion of those claims against others shows that even Azure did not believe at the time that Intel's Wi-Fi Direct products infringed, *or Azure would have made those same allegations against Intel.* Indeed, not only did Azure fail to make those allegations at a time when it clearly believed that other companies' Wi-Fi Direct products alone infringed, it never amended its complaint against Intel to make such allegations, although there was no obstacle to doing so.

Instead, Azure ultimately dismissed its entire case against Intel. If Azure did not believe that Intel's Wi-Fi Direct products infringed, there is no basis to conclude that Intel knew or should have known of infringement. Accordingly, a "context-specific determination" that "draw[s] on . . . common sense," *Iqbal*, 556 U.S. at 679, shows that Azure's prior conduct dooms its claims.

### III. AZURE CONCEDES THAT INTEL LACKED PRE-SUIT KNOWLEDGE OF EIGHT OF THE NINE PATENTS

Azure does not dispute Intel's explanation (Br. 10-11) that it had no knowledge of any patent other than the '129 patent before this suit was filed on January 13, 2015, and that knowledge of the '129 patent did not establish pre-suit knowledge of the eight related asserted patents. At the very least, Azure's inducement and willfulness claims for all patents other than the '129 patent must be dismissed for the period before January 13, 2015.

| | |
|---|---|
| Dated: April 13, 2015 | */s/ Michael E. Jones* |
| | Michael E. Jones |
| | SBN: 10929400 |
| | POTTER MINTON PC |
| | 110 N. College Avenue |
| | Suite 500 |
| | Tyler, TX 75702 |
| | (903) 597-8311 |
| | mikejones@potterminton.com |
| | |
| | Mark G. Matuschak |
| | Stephen M. Muller |
| | WILMER CUTLER PICKERING |
| |    HALE AND DORR LLP |
| | 60 State Street |
| | Boston, MA 02109 |
| | (617) 526-6000 |
| | Mark.Matuschak@wilmerhale.com |
| | Stephen.Muller@wilmerhale.com |
| | |
| | *Attorneys for Defendant Intel Corporation* |

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 13, 2015.

                                        */s/ Michael E. Jones*
                                        Michael E. Jones