UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Azure Networks, LLC, § | | |
|    *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action No. 6:15-CV-00031-RWS |
| § | | |
| Intel Corporation § | | Jury Trial Demanded |
|    *Defendant.* § | | |

**SURREPLY TO INTEL CORPORATION'S MOTION TO DISMISS AZURE'S ALLEGATIONS OF INDUCED AND WILLFUL INFRINGEMENT**

Defendant continues to demand that Azure allege facts in its Original Complaint for Patent Infringement to establish probable claims, as opposed to the required standard of plausible claims. "To survive a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In its Original Complaint for Patent Infringement, Azure has met the required standard and alleged non-conclusory facts supporting plausible claims for inducement of infringement and willful infringement.

Azure has set forth the standards established in this District and compared its Original Complaint with those standards.[1] *ZiiLabs Inc., Ltd., v. Samsung Elec. Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, Dkt. No. 147 (E.D. Tex. Feb. 26, 2015) recently considered the issue of inducement of infringement allegations. Azure has demonstrated how its claims comply with its pleading standards in light of the analysis of *ZiiLabs* and other cases cited by this Court. Defendant,

---

[1] Defendant is incorrect in suggesting that Azure has applied to wrong standard in its Response. As set forth herein and in its Response, Azure has considered and applied the relevant standards applied by this Court in determining motions to dismiss.

interestingly, suggests that this Court should ignore prior cases from this District. Azure's allegations are not conclusory, are not bare assertions, and do more than suggest that Defendant simply engaged in its regular business activity. Azure's claims are sufficient, comport with the precedent established in this District, and set forth a plausible claim for relief.

With regard to knowledge of the '129 Patent and the other asserted patents,[2] it is undisputed that this District recognizes that pleading post-suit knowledge is sufficient to support claims for both inducement of infringement and willful infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345-46 (Fed. Cir. 2012) (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when plead in conjunction with facts plausibly showing intent to induce); *InMotion Imagery Tech. v. Brain Damage Films*, Civ. No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *8 (E.D. Tex. Aug. 10, 2012) (stating, "Failing to allege pre-suit knowledge of the patent 'is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'"); *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 6:11-CV-229, 2012 U.S. Dist. LEXIS 114199, at *16, 2012 WL 9864381 (E.D. Tex. July 27, 2012) (recognizing the complaint as an element of post-filing knowledge since the complaint itself clearly alleges that the "Defendants have actual notice of the [plaintiff's] patent at least as early as the filing of this Original Complaint"); *Lochner Techs., LLC v. AT Labs Inc.*, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. July 3, 2012) ("Defendants concede that Lochner's Amended Complaint alleges knowledge of the '598 patent

---

[2] Azure does not concede that Defendant had no knowledge of any patent other than the '129 Patent prior to the filing of this lawsuit. Plaintiff has set forth its arguments regarding pre-suit notice in its Response and does not repeat those here.

at the time of the filing of the Complaint….However, this is not a basis to dismiss Lochner's indirect infringement claims; as it cannot be disputed that Lochner does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period").

Defendant also persists in contending that in prior litigation asserted by Azure against Defendant, Azure only accused Wi-Fi Direct technology in combination with Bluetooth as infringing the '129 Patent. Defendant does not deny its knowledge of Azure's action in related litigation at the time of its prior lawsuit against Defendant to seek leave to amend its infringement contentions relating to the '129 Patent to identify infringement theories relying on Wi-Fi technologies standing alone, and not in combination with Bluetooth technology. Defendant's suggestion that Azure's claims in the prior case filed against Defendant in 2012 preclude any inference that Defendant's products infringed the Patents-in-suit rings hollow. Defendant should not be permitted to stand behind its willful blindness.

Azure has set forth herein its arguments supporting the plausibility of its inducement of infringement and willful infringement claims. At this early stage of the litigation, there is no need to provide a limitation on whether Azure may proceed only on post-filing claims or pre-filing claims. The proper time to consider a limitation on Azure's inducement of infringement and willful infringement claims or the damages attributable thereto will come at trial, after the parties have had time to conduct sufficient discovery. Azure respectfully requests that this Court deny Defendant's Motion. If the Court is inclined to dismiss any aspect of Azure's inducement of infringement or willful infringement claims, then any such dismissal should be without prejudice and should accord Azure the opportunity to amend its Complaint. Azure contends that it has satisfied its burden to plead sufficient factual bases for all of its claims in the Complaint. As such, Defendant's Motion should be denied.

Dated: April 23, 2015

        Respectfully submitted,

*/s/ Derek Gilliland*

**Derek Gilliland**
Texas State Bar No. 24007239
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com
Attorney in Charge

**Ben King**
Texas State Bar No.  24048592
**NIX PATTERSON & ROACH, L.L.P.**
2900  St. Michael Drive, Suite 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8750 (facsimile)
benking@nixlawfirm.com

**Edward Chin**
Texas State Bar No. 50511688
**Andrew J. Wright**
Texas State Bar No. 24063927
**Kirk Voss**
Texas State Bar No. 24075229
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com

**Eric M. Albritton**
**Michael A. Benefield**
**ALBRITTON LAW FIRM**
P.O. BOX 2649
Longview, Texas 75606
903.757.8449 (telephone)
ema@emafirm.com

mab@emafirm.com

**ATTORNEYS FOR PLAINTIFF
AZURE NETWORKS, L.L.C.**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this 23rd day of April, 2015.

*/s/ Derek T. Gilliland*
Derek T. Gilliland